UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK MUNOZ,

Plaintiff,

v.

26–CV–6259–MAV
ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; JEFF MCKOY, NYDOCCS Commissioner of Programs; TIMOTHY CARROLL, Acting Superintendent, Five Points Correctional Facility; PAMELA WYCKOFF, Deputy Superintendent of Administration, Five Points Correctional Facility; and HILL, Deputy Superintendent of Programs and Acting Superintendent of Security, Five Points Correctional Facility,

Defendants.[1]

## INTRODUCTION

*Pro se* Plaintiff Mark Munoz ("Plaintiff"), who is incarcerated at the Five Points Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims that New York State Department of Corrections and Community Supervision ("NYDOCCS") administrators violated his right to constitutional

[1] The Clerk of Court is directed to amend the docket as set forth above.

conditions of confinement by their failure to properly oversee the Five Points Correctional Facility ("Five Points"). ECF No. 13. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 4.

The Court granted Plaintiff's motion to proceed *in forma pauperis,* ECF No. 7, and therefore screens the amended complaint (ECF No. 13) [2] pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b).

For the reasons set forth below, claims against NYDOCCS and claims requesting monetary damages from Defendants in their official capacities are dismissed without prejudice and without leave to amend. The amended complaint is otherwise dismissed with leave to amend.

## BACKGROUND

Plaintiff arrived at Five Points on February 8, 2026. ECF No. 13 at 1 ¶ 2. Since then, he has occasionally missed religious services either because his cell door was not opened (on one occasion) or because the callout for religious services conflicted with the barber callout. *Id.* at 3, 5. Plaintiff has not timely received medical care, callouts and food runs are not on a regular schedule, cell doors are opened and closed so quickly inmates are getting caught as their doors close, it can take months to get into the law library, packages are not processed correctly and are delivered haphazardly, the afternoon chow run is non-existent—it is mostly applesauce and cold meals that are poorly assembled, recreation time is not sufficient, operations

---

[2] This Order addresses Plaintiff's amended complaint, which he filed "as a matter of course" under Fed. R. Civ. P. 15(a)(1).

functions—such as log books, cameras, and the draft room—are broken, and the metal furnishings pose safety hazards. *Id.* at 2-9. Plaintiff sues Defendants in their official capacities. *Id.* at 1. He seeks declaratory and monetary relief. *Id.* at 9.

## LEGAL STANDARDS

### I. Review Under the IFP Statute

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### II. Pleading Standards

In evaluating a complaint, a court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not [pleaded]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### III. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### IV. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v.*

*Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

### I. Official Capacity Claims Requesting Monetary Relief

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity." *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (citing *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002)). A claim for money damages under § 1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself." *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978)).

Because "New York has not waived its immunity, nor has Congress abrogated it," *Li*, 712 F. App'x at 22 (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars official-capacity suits for money damages against New York State and its officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Accordingly, claims against individual defendants for money damages in their official capacities, ECF No. 1 at 1, are dismissed without prejudice[3] and without leave to amend on the basis of Eleventh Amendment immunity under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

**II. Claims against NYDOCCS**

As an official arm of the state, NYDOCCS "enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999). *See Davis v. New York*, 316 F.3d 93, 95 (2d Cir. 2002) (affirming dismissal of claims against "New York State Department of Correctional Services" as barred by the Eleventh Amendment); *Sanchez v. City of New York*, 736 Fed. App'x 288, 290 (2d Cir. 2018) (summary order) (same as to "DOCCS").

Accordingly, claims against NYDOCCS are dismissed without leave to amend on the basis of Eleventh Amendment immunity under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

**III. State Law Claims**

New York Correction Law § 24 divests federal district courts of subject matter jurisdiction over state law claims for money damages that are asserted against NYDOCCS employees who were acting in the scope of their employment when the alleged violation occurred. Section 24 "mandate[s] that state law claims for damages

[3] *See Chacko v. Creedmoor Psychiatric Ctr.*, No. 25-CV-3406 (PKC) (TAM), 2025 WL 3295054, at *4 n.5 (E.D.N.Y. Nov. 26, 2025) (noting that "in recent summary orders" the Second Circuit has "instructed that [Eleventh Amendment immunity] dismissals are to be without prejudice" (citations omitted)).

for acts or omissions committed by NYDOCCS employees within the scope of their employment be brought exclusively in the New York Court of Claims as claims against New York State." *DeMeo v. Koenigsmann*, No. 11 CIV. 7099 HBP, 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015); *accord Flint v. Jun*, 541 F. Supp. 3d 284, 288 (W.D.N.Y. 2021) (collecting cases).

Thus, to the extent Plaintiff asserts violations of state law, *see, e.g.,* ECF No. 13 at 3 ¶ 14 (suggesting violation of state regulations), such claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but without prejudice to litigation in state court.

**IV. Individual Capacity Claims**

Although Plaintiff sues Defendants in official capacity only, ECF No. 1 at 1, liberally construing the complaint to raise the strongest arguments it suggests, *Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), the Court considers whether he has plausibly alleged individual capacity claims.

Plaintiff generally alleges that the defendants have failed to oversee operations at Five Points, ECF No. 1 at 2-10, allowing "anything that employees want and don't want to do," *id.* at 4 ¶ 15. He further alleges a laundry list of complaints about the management of religious services, recreation, programs, meals, haircuts, law library time, dental care, prescriptions, package delivery, correspondence, and commissary orders and he laments the central office's failure to "take charge and run their institution." *Id.* at 2-7. But Plaintiff's allegations do not connect any potentially unconstitutional conduct to any Defendant.

Because respondeat superior is not available in a § 1983 action, *Hernandez*, 341 F.3d at 144, and Plaintiff must plausibly allege each defendant's personal involvement in the constitutional violations, *Tangreti*, 983 F .3d at 618, any individual capacity claim must be dismissed.

Claims against Defendants in their individual capacities are therefore dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) but with leave to amend. Plaintiff's second amended complaint should tell the Court how each individual defendant violated his rights protected by the Constitution or federal law, when and where such violations occurred, and why Plaintiff is entitled to relief.

## CONCLUSION

After screening the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b), the Court dismisses claims against NYDOCCS and claims requesting monetary damages from Defendants in their official capacities without prejudice and without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(2). The amended complaint is otherwise dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff may file a second amended complaint by **October 1, 2026**, in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that his second amended complaint will **completely replace** all prior complaints in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977).

Therefore, the second amended complaint must include all allegations against each Defendant so that the second amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend to show the personal involvement of each of the individual Defendants in violations of the Constitution or federal law. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (collecting cases).

Plaintiff may attach exhibits to his second amended complaint, but they must be relevant to the allegations of the second amended complaint and organized in such a way that the Court and the defendants can read and determine their relevance; the Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. *See Herbert v. Raczkowski*, No. 24-CV-0485 (JLS), 2024 WL 3694215, at *10 (W.D.N.Y. Aug. 5, 2024); *Santos v. Jones*, No. 22-CV-6338-EAW, 2023 WL 1109755, at *10 (W.D.N.Y. Jan. 30, 2023).

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's claims against NYDOCCS and Defendants in their official capacities for monetary damages are dismissed on the basis of Eleventh Amendment immunity under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2) without prejudice and without leave to amend; the Clerk of Court is

directed to terminate the New York State Department of Corrections and Community Supervision as a defendant to this action; and it is further

ORDERED that Plaintiff's claims against the defendants in their individual capacities are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim but with leave to amend; and it is further

ORDERED that Plaintiff may file a second amended complaint as directed above by no later than **October 1, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Plaintiff with this order a copy of the amended complaint, ECF No. 13, a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file a second amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, will remain dismissed and the Clerk of Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the amended complaint is dismissed because Plaintiff has failed to file a second amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: August 31, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge