UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK MUNOZ,

Plaintiff,

v.

26–CV–6259–MAV
ORDER

KATHY HOCHUL, New York State Governor, In Her Official Capacity; DANIEL F. MARTUSCELLO, III, Commissioner for the New York State Department of Corrections and Community Services, In His Official Capacity, SUPT. THOMAS CARROLL, Five Points C.F., In His Official Capacity, Acting Deputy Supt of Security for Five Points C. F.; MASACO In His Official Capacity, Acting Deputy of Programs for Five Points C.F.; SWEET, In Her Official Capacity; and PAMELA WYCKOFF, Deputy Supt for Administration, In Her Official Capacity,

Defendants.

---

## INTRODUCTION

*Pro se* Plaintiff Mark Munoz ("Plaintiff"), who is incarcerated at the Five Points Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1.

## BACKGROUND

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b). ECF No. 13.[1] That order dismissed all state law claims and claims requesting monetary relief from the defendants in their official capacities. The remainder of the amended complaint was dismissed with leave to amend. In sum, none of the amended complaint's allegations suggested violations of the Constitution or federal law and the allegations did not connect any potentially unconstitutional conduct to any Defendant. Plaintiff timely filed a second amended complaint. ECF No. 21.

## LEGAL STANDARDS

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

[1] Plaintiff filed his amended complaint "as a matter of course" under Fed. R. Civ. P. 15(a)(1).

556 U.S. 662, 676 (2009). In making such determinations, the Court may consider documents attached to the complaint or incorporated by reference. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), but permission to amend is not required where the plaintiff has been afforded a prior opportunity to amend, *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## DISCUSSION

Having screened Plaintiff's second amended complaint, the Court finds that his First Amendment free exercise claim will proceed to service.[2] Claims against Defendants in their official capacities remain dismissed for the reasons in the initial screening order. ECF No. 17 at 6–7. All other claims must be dismissed for failure to cure the deficiencies identified in the initial screening order.

In sum, the remaining allegations in the second amended complaint reiterate Plaintiff's complaints about the management of recreation, programs, meals, law library time, dental care, prescriptions, package delivery, correspondence, and

[2] In each of his complaints Plaintiff has requested only monetary damages. Therefore, the Court does not construe the second amended complaint as raising a RLUIPA claim. *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014) ("RLUIPA does not authorize claims for monetary damages against state officers in either their official or individual capacities.").

commissary orders. ECF No. 21 at 5–7. He uses phrases such as "exercised deliberate indifference," "subjected to cruel and unusual punishment," and "inhumane conditions of confinement" but the facts do not allege the elements of these claims. Importantly, none of the facts alleged support a finding of deliberate indifference, "*i.e.*, an act or a failure to act that evinces a conscious disregard of a substantial risk of serious harm." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

Moreover, the Second Circuit has repeatedly explained that in examining the sufficiency of a complaint, courts "accept as true all factual allegations and draw from them all reasonable inferences; but [ ] are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Tesla v. Pelinkovic*, No. 25-2246-CV, 2026 WL 979940, at *2 (2d Cir. Apr. 13, 2026) (summary order) (quoting *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021); *accord Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015); *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021); *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Thus, in the absence of animating facts, the Court need not credit Plaintiff's conclusory allegations.

Plaintiff also alleges that the National Guard officers working at Five Points never know if recreation or programs or medical or law library are running and mail delivery is irregular, ECF No. 21 at 4, 6, but he alleges no constitutionally recognized harm such as the knowing denial of care for a serious medical need or that a claim regarding a criminal proceeding, habeas corpus petition, or conditions of confinement was prejudiced.

Plaintiff's allegations certainly evince his frustration with what he sees as the chaotic management of Five Points, but he does not describe conditions of unconstitutional proportions—despite three attempts to do so. Consequently, the remaining claims in the second amended complaint are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's free exercise claim will proceed to service upon Carroll, Masaco, Sweet, and Wyckoff in their individual capacities; and it is further

ORDERED that Plaintiff's second amended complaint is otherwise dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim; the Clerk of Court shall terminate Hochul and Martuscello; and it is further

ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the second amended complaint (ECF No. 21), and this order upon Supt. Thomas Carroll, Deputy Supt. Masaco, Deputy Supt. Sweet, and Deputy Supt. Pamela Wyckoff at Five Points Correctional Facility, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that upon service, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall answer or respond to the free exercise allegations in the second amended complaint; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order by email

to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office, at Ted.O'Brien@ag.ny.gov; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: November 4, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge